PD-1183-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/24/2015 9:04:30 AM
Accepted 9/24/2015 1:55:25 PM
ABEL ACOSTA
CLERK

PD-1183-15

IN THE

COURT OF CRIMINAL APPEALS

-------------------------------------------------------------------

ERIK FORREST FRIEND,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

-------------------------------------------------------------------

ON APPEAL FROM COUNTY COURT AT LAW NO. 3
OF BRAZORIA COUNTY, TEXAS

AND ON DISCRETIONARY REVIEW
FROM THE FIRST JUDICIAL DISTRICT AT HOUSTON

-------------------------------------------------------------------

APPELLANT'S RESPONSE TO
STATE'S PETITION FOR DISCRETIONARY REVIEW

-------------------------------------------------------------------

**BRIAN W. WICE**
The Lyric Centre
440 Louisiana    Suite 900
Houston, Texas 77002-1635
(713) 524-9922 PHONE
(713) 237-1408 FAX
TBA NO. 21417800

**ATTORNEY FOR APPELLANT**
ERIK FORREST FRIEND

FILED IN
COURT OF CRIMINAL APPEALS

September 24, 2015

ABEL ACOSTA, CLERK

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX.R.APP.P. 38.1(a), a list of the names and addresses of all interested parties is provided below so the members of this Honorable Court may determine whether they are disqualified to serve or should recuse themselves from participating in the decision of this case.

**Complainant:**
the State of Texas

**Appellant or criminal Defendant:**
Erik Forrest Friend

**Trial counsel for Appellant:**

Steve Gonzalez
1520 Texas 6
Alvin, Texas 77511

Jed Silverman
1221 Studewood
Houston, Texas 77008

**Counsel on Appeal for the Appellant:**
Brian W. Wice
440 Louisiana Suite 900
Houston, Texas 77002-1635

**Counsel for the State:**
Aaron Perry & Rachel Schneider [Trial]; Michelle Townsend [Appeal]
Brazoria County District Attorney's Office
111 East Locust Fourth Floor
Angleton, Texas 77515

**Trial Judge:**
Honorable Jeremy Warren
Presiding Judge
County Court at Law No. 3
Brazoria County, Texas

# TABLE OF CONTENTS

PAGE

IDENTIFICATION OF THE PARTIES .......................... ii

INDEX OF AUTHORITIES ................................. iv

STATEMENT REGARDING ORAL ARGUMENT ................ 1

STATEMENT OF THE CASE AND PROCEDURAL HISTORY ...... 1

APPELLANT'S REPLY TO THE STATE'S GROUNDS FOR REVIEW 1

DISCRETIONARY REVIEW IS UNWARRANTED BECAUSE THE STATE HAS NOT PROVIDED THIS COURT WITH A MERITORIOUS REASON TO EXERCISE ITS DISCRETIONARY REVIEW AUTHORITY IN THIS MATTER.

SUMMARY OF THE ARGUMENT ......................... 1

1. *Neither of the State's Grounds Warrants Discretionary Review* ... 2

2. *The Court of Appeals Correctly Held that the State Improperly Used Appellant's Assertion of his Right to Remain Silent as Substantive Evidence from which Jurors Could Infer his Guilt* ... 3

3. *The Court of Appeals Applied Each of the Snowden Factors in Correctly Concluding that this Constitutional Error was not Harmless Beyond a Reasonable Doubt Under Rule 44.2(a)* .... 7

PRAYER FOR RELIEF ................................. 9

CERTIFICATE OF SERVICE ............................ 9

CERTIFICATE OF COMPLIANCE ....................... 10

# INDEX OF AUTHORITIES

**PAGE**

CASES:

Anderson v. State, 2006 WL 744272
(Tex.App. – Fort Worth, Mar. 23, 2006, pet. dism'd)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

Arcila v. State, 834 S.W.2d 357 (Tex.Crim.App. 1992) . . . . . . . . . . . . 2

Dowhitt v. State, 931 S.W.2d 244 (Tex.Crim.App. 1996) . . . . . . . . . . . 5

Doyle v. Ohio, 426 U.S. 610 (1976) . . . . . . . . . . . . . . . . . . . . . . . . 6

Franklin v. State, 693 S.W.2d 420 (Tex.Crim.App. 1985) . . . . . . . . . . . 8

Friend v. State, ___ S.W.3d ___, 2015 WL5026078
(Tex.App. – Aug. 25, 2015) . . . . . . . . . . . . . . . . . . . . . . . . passim

Hardie v. State, 807 S.W.2d 319 (Tex.Crim.App. 1991) . . . . . . . . . . . . 6

Hildebrand v. State, 2007 WL 5659038
(Tex.App.– Houston [14th Dist.], Oct. 18, 2007, no pet.)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Montgomery v. State, 810 S.W.2d 372 (Tex.Crim.App. 1990) . . . . . . . . 6

Sims v. State, 99 S.W.3d 600 (Tex.Crim.App. 2003) . . . . . . . . . . . . . . 2

Snowden v. State, 353 S.W.3d 815 (Tex.Crim.App. 2011) . . . . . . . . . 7,8

Walker v. Packer, 827 S.W.2d 833 (Tex. 1992) . . . . . . . . . . . . . . . . . . 6

Winfrey v. State, 393 S.W.3d 763 (Tex.Crim.App. 2013) . . . . . . . . . . . 8

## TEXAS RULES OF APPELLATE PROCEDURE:

Rule 44.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

Rule 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

Rule 66.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 66.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

## MISCELLANEOUS:

McMINN, Petitions for Discretionary Review,
  Chapter 35, 2013 Advanced Criminal Law Course . . . . . . . . . . . . . . . 3

## STATEMENT REGARDING ORAL ARGUMENT

If this Court opts to grant discretionary review, Appellant welcomes the chance to defend the court of appeals's decision at oral argument.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Appellant does not take issue with the State's recitation. This reply will be timely if filed on or before September 29, 2015.[1]

## APPELLANT'S REPLY TO THE STATE'S GROUNDS FOR REVIEW

DISCRETIONARY REVIEW IS UNWARRANTED BECAUSE THE STATE HAS NOT PROVIDED THIS COURT WITH A MERITORIOUS REASON TO EXERCISE ITS DISCRETIONARY REVIEW AUTHORITY IN THIS MATTER.

## SUMMARY OF THE ARGUMENT

The State has presented no principled reason why this Court should exercise its discretionary review authority in this matter. The court of appeals's decision is an unremarkable application of well settled case law to facts unique to this case unlikely to recur in future cases. Because the court utilized the correct standards of review and disposed of every issue necessary to this appeal's resolution, discretionary review is unwarranted.

---

[1] Appellant challenges all factual assertions made by the State in its petition for discretionary review, (hereinafter "**Pet.**"), and adopts by reference the factual statement in the court of appeals's opinion, (hereinafter "**Slip op.**"), and in his brief in the court of appeals.

1

## APPELLANT'S REPLY TO THE STATE'S GROUNDS FOR REVIEW

*1. Neither of the State's Grounds Warrants Discretionary Review*

Because discretionary review "is not a matter of right, but of sound judicial discretion," TEX.R.APP.P. 66.2, this Court has made it clear that it will not exercise its discretionary review authority merely because the court of appeals "managed to get it wrong" – which it most assuredly did not – because "doing so only tends to undermine the respective roles of this and the intermediate courts without significant contribution to the criminal jurisprudence of the State." Arcila v. State, 834 S.W.2d 357, 361 (Tex.Crim.App. 1992). None of the concerns in the State's petition meet this threshold. The court of appeals's decision "addresses every issue raised and necessary to final disposition of the appeal," see TEX.R.APP.P. 47.1,[2] mentioned the State's "number one argument and explain[ed] why it does not have the persuasive force the [State] thinks it does" and so "at least...will know the reason [it] was unsuccessful," Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The court of appeals did no more than apply well-settled case law to facts unlikely to recur in future cases,

---

[2] "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."

concluding that the State's improper use of Appellant's assertion of his constitutional right to remain silent as substantive evidence from which jurors could infer his guilt was not harmless beyond a reasonable doubt. Simply put, this is the type of case that noted legal commentators believe does not warrant the exercise of this Court's discretionary review. **See** McMINN, Petitions for Discretionary Review, Chapter 35, 2013 Advanced Criminal Law Course at 4 ("In a nutshell, the Court is looking for issues that are important to the jurisprudence of the State. The Court's primary role is not to correct every mistake made by the courts of appeals. As the court of last resort, its role is to be the caretaker of Texas criminal law. As a result, it is more interested in legal issues than factual issues.").

*2. The Court of Appeals Correctly Held that the State*
*. Improperly Used Appellant's Assertion of his Right to Remain Silent*
*as Substantive Evidence from which Jurors Could Infer his Guilt*

In its first ground for review, the State posits that it was error for the court of appeals to hold that the trial court did not abuse its discretion in admitting State's Exhibit No. 2[3] in evidence over Appellant's objections as, "Ambiguous, selective responses in an accused's written statement are

---

[3] This exhibit was the interview form the arresting officer gave Appellant in which the latter "had answered the five questions regarding whether he had been drinking by responding, 'Not saying.'" **Slip op. 8.**

3

not an unequivocal invocation of the Fifth Amendment right to remain silent." **Pet.** 4. As set out below, because this submission is foreclosed by the court of appeals's comprehensive reasoning and analysis, this ground for review is clearly without merit.

The State avers that, "The recitation of the law applicable to this case by the court of appeals was accurate but incomplete," claiming that the court of appeals "failed to allow for the requirement that the assertion of an accused's constitutional right to remain silent cannot be selective and must be unequivocal." **Pet.** 4. Unfortunately for the State, however, the court of appeals rejected the State's contention that, "Appellant's not-saying responses were too ambiguous to inform Trooper Gonzalez that Appellant wanted to terminate the interview," **slip op.** 16, and its equally evanescent submission that, "Appellant did not clearly consistently assert that he was 'not saying' anything else to the arresting officer." **Pet.** 6. As the court of appeals correctly concluded:

> *However, that is not the issue here. The issue in this case is whether the State introduced Appellant's assertion of his right to remain silent as substantive evidence from which the jury could make an adverse inference of guilt.* As mentioned, the United States Supreme Court and the Texas Court of Criminal Appeals have been clear that the State cannot use a defendant's post-*Miranda* assertion of a constitutional right as

4

evidence of guilt. ...

> This case, however, is distinguishable from any of [the cases cited by the State]. *Here, to prove Appellant's guilt, the State did not rely on Appellant's actual silence or an oblique reference to Appellant's refusal to answer a question; instead the State introduced and relied on Appellant's spoken words used to invoke his post-Miranda right to remain silent with respect to the topic of alcohol consumption. This is an important distinction.* As the Supreme Court has noted, silence is "insolubly ambiguous." Here, Appellant was not silent; he expressly asserted his right to remain silent in response to questions posing a real danger of incrimination. Unlike silence, Appellant's express assertion was not "insolubly ambiguous."

Id. at 16-17; 19-20 (citations omitted)(emphasis added).

This reasoning and analysis sustaining Appellant's claim addresses, and fully defuses, the State's arguments in a manner that not only meets, but exceeds, the mandate embodied in Rule 47.1. Moreover, because the State failed to perceive the correct constitutional claim at issue on appeal, a mistake it replicates in its petition for discretionary review, it is unsurprising that the court of appeals had no difficulty distinguishing the authority the State relied upon.[4] **Slip op.** at 16 n. 6. And, conspicuous by

---

[4] Aside from a passing reference to **Dowhitt v. State**, 931 S.W.2d 244, 257 (Tex.Crim.App. 1996), the State's argument is built upon the reed-thin foundation of two unpublished court of appeals decisions that have no precedential value pursuant to TEX.R.APP.P. 47.1(a). **Pet.** 4, citing **Hildebrand v. State**, 2007 WL 5659038 at *8 (Tex.App.– Houston [14th Dist.], Oct. 18, 2007, no pet.)(not designated for publication) and **Anderson v. State**, 2006 WL 744272 at *2 (Tex.App. –

5

its absence in the State's petition for review is any mention of, or attempt to distinguish, <u>Doyle v. Ohio</u>, 426 U.S. 610, 619 (1976) or <u>Hardie v. State</u>, 807 S.W.2d 319, 322 (Tex.Crim.App. 1991), both of which drive a stake through the heart of its argument. While the State adheres to the idea that Appellant's "not saying" responses "do not show a desire to answer no [sic] questions and terminate the conversation," **Pet.** 9, notably, it fails to provide any authority for this novel and untenable proposition.

Finally, yet not surprisingly, the State claims that, "The trial court's decision to admit appellant's 'not saying' responses was a valid exercise of [its] broad discretion." **Pet.** 10, citing <u>Montgomery v. State</u>, 810 S.W.2d 372, 390-91 (Tex.Crim.App. 1990)(op. on reh'g). First, this rote recitation of the standard of review in the trial court does not implicate any of the reasons for review in this Court found in TEX.R.APP.P. 66.3. Second, this claim ignores the fact that the trial court lacks the discretion to determine what the law is, or in applying the law to the facts, and has no discretion to misinterpret the law. <u>Walker v. Packer</u>, 827 S.W.2d 833, 840 (Tex. 1992). Third, the State's reliance on <u>Montgomery</u> is curious, given this

---

Fort Worth, March 23, 2006, pet. dism'd)(not designated for publication).

6

Court's holding that not even the "broad discretion" the State boasts of gives the trial court, as in this case, the "right to be wrong." Id. at 393.

Because the State's first ground merely asks this Court to second-guess the court of appeals's decision, fails to support its novel arguments with any authority, and provides no principled reason for review found in Rule 66.3, discretionary review is unwarranted.

*3. The Court of Appeals Applied Each of the **Snowden** Factors in Correctly Concluding that this Constitutional Error was not Harmless Beyond a Reasonable Doubt Under Rule 44.2(a)*

In its second ground for review, the State asserts that the court of appeals erred in "disregard[ing] factors weighing in favor of finding any error was harmless" pursuant to TEX.R.APP.P. 44.2(a).[5] **Pet.** 10. The very wording of this make-work claim, not to mention the gaps on the canvas of the State's argument, unmask its sheer lack of merit.

In conducting its Rule 44.2(a) harm analysis, the court of appeals acknowledged the applicable standard of review from **Snowden v. State**,[6]

---

[5] *Constitutional Error.* "If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment."

[6] While the State calls out the court of appeals for its seeming refusal to honor this Court's mandate in **Snowden**, **Pet.** 11-12, the court of appeals cited **Snowden** no less than five times in its

7

353 S.W.3d 815, 820-21 (Tex.Crim.App. 2011), **slip op.** 23-25, and then set out the trio of factors mandated by **Snowden**, before finding the error was not harmless beyond a reasonable doubt. **Slip op.** at 25-32. So exactly what factors did the court of appeals allegedly disregard in its Rule 44.2(a) harm analysis? The State's silence, one that speaks volumes, leaves this Court to speculate as to what factors the State claims the court of appeals left on the editing room floor as part of its harm analysis. Because the State never says what factors the court of appeals disregarded, and its well-reasoned opinion defuses the State's assertion, there is no factual basis for the State's unsupported and unsupportable claim that "the lower court's application of Rule 44.2(a) in this case represents a significant departure from the accepted application [sic] of the harm analysis in Rule 44.2(a)." **Pet.** 12. This Court, accordingly, must reject it. See **Franklin v. State**, 693 S.W.2d 420, 431 (Tex.Crim.App. 1985)(mere assertions in appellate brief unsupported by evidence will not be considered on appeal).

---

opinion in honoring its reasoning and analysis. **Slip op.** at 23 (twice), 24 (twice), 27. Moreover, the State's argument that this constitutional error "did not move the jury from a state of non-persuasion to a state of persuasion on any material issue in the case," **Pet.** 11, citing **Snowden**, is not merely constructed upon its myopic and ill-advised reliance on **Snowden**, it is also conclusory in nature. See **Winfrey v. State**, 393 S.W.3d 763, 773 n. 15 (Tex.Crim.App. 2013)("We observe that the state's briefing on this issue consists of one page of conclusory statements...").

Because this ground fails to present a principled reason why discretionary review is warranted, this Court should refuse the State's petition.

## PRAYER FOR RELIEF

For all of these reasons, Appellant prays that this Honorable Court refuse the State's petition for discretionary review.

RESPECTFULLY SUBMITTED,

/s/ BRIAN W. WICE

---

**BRIAN W. WICE**
The Lyric Centre
440 Louisiana   Suite 900
Houston, Texas 77002-1635
(713) 524-9922  PHONE
(713) 236-7768  FAX
TBA NO. 21417800

COUNSEL FOR APPELLANT
ERIK FORREST FRIEND

## CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 9.5(d), this reply was served on Michelle Townsend, Assistant Brazoria County District Attorney, and Lisa McMinn, State Prosecuting Attorney, by e-filing on September 24, 2015.

/s/ BRIAN W. WICE

---

**BRIAN W. WICE**

9

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX.R.APP.P. 9.4(1)(i)(1), I certify that this document complies with the type-volume limitations of TEX.R.APP.P. 9.4(i)(2)(D):

1. Exclusive of the exempted portions set out in TEX.R.APP.P. 9.4(i)(1), this document contains 1,861 words.

2. This document was prepared in proportionally spaced typeface using Word Perfect 8.0 in Century 14 for text and Times New Roman 12 for footnotes.

/s/ Brian W. Wice

_____

BRIAN W. WICE